

EOD
06/17/2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DORCHESTER GRAIN, | § | Case No. 10-40475 |
| | § | (Chapter 7) |
| Debtor. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING MOTION
OF DEBRUCE GRAIN, INC., FOR SUMMARY JUDGMENT**

This matter is before the Court following a hearing on the motions of DeBruce Grain, Inc. ("DeBruce") and the Texas Department of Agriculture ("TDA") for summary judgment regarding the alleged interest of Gary Pickett and Texas Heritage National Bank ("Texas Bank") in the milo located in the debtor's grain elevators in Greenville, Texas [Dkt. Nos. 313, 314, and 323]. The parties appeared at a hearing on April 19, 2011, to argue their respective positions. After reviewing the briefs on file by the parties, the record of this case, and in light of the arguments of the parties, the Court concludes that DeBruce and TDA should be awarded summary judgment for the reasons that follow.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate whenever a movant establishes that the pleadings, affidavits, and other evidence demonstrate that no genuine issue of material fact exists, and the movant is, thus, entitled to judgment as a matter of law. FED. R. CIV. P 56(a); *Piazza's Seafood World, LLC v. Odom,* 448 F.3d 744, 752 (5th Cir. 2006); *Lockett v. Wal–Mart Stores, Inc.,* 337 F.Supp.2d 887, 891 (E.D. Tex. 2004). A genuine issue of material fact is present when the evidence is such that a reasonable fact finder could return a verdict for the non-movant. *Piazza's Seafood World, LLC,* 448 F.3d at 752

1

(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). Material issues are those that could affect the outcome of the action. *Wyatt v. Hunt Plywood Co., Inc.,* 297 F.3d 405, 409 (5th Cir. 2002), *cert. denied,* 537 U.S. 1188 (2003).

The Court must view all evidence in a light most favorable to the non-moving party. *Piazza's Seafood World, LLC,* 448 F.3d at 752; *Lockett,* 337 F.Supp.2d at 891. If the movant satisfies its burden, the non-movant must then come forward with specific evidence to show that there is a genuine issue of fact. *Lockett,* 337 F.Supp.2d at 891; *see also Ashe v. Corley,* 992 F.2d 540, 543 (5th Cir. 1993). The non-movant may not merely rely on conclusory allegations or the pleadings. *Lockett,* 337 F.Supp.2d at 891. Rather, it must demonstrate specific facts identifying a genuine issue to be tried in order to avoid summary judgment. FED. R. CIV. P. 56(c)(1); *Piazza's Seafood World, LLC,* 448 F.3d at 752; *Lockett,* 337 F.Supp.2d at 891. Thus, summary judgment is proper if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

In this case, the motions of DeBruce and TDA and the responses of Texas Bank and Mr. Pickett set forth the following body of uncontested facts.

## UNCONTESTED FACTS

1. In November 2009, TDA discovered a shortage of grain at four of the debtor's facilities, that is, there was not enough grain stored at the debtor's facilities to cover all of the claims to the grain.

2. The debtor filed a voluntary chapter 7 petition commencing this case on February 15, 2010.

2

3. The grain stored at the debtor's facilities has been sold, and the funds are being held pending an order from this Court as to the distribution of the grain proceeds.

4. The Court entered an order approving procedures for the determination of interests in the grain proceeds. Pursuant to these procedures, TDA filed an audit report setting forth the amount of grain various parties are credited with owning as of the debtor's bankruptcy. Grain depositors had the option of accepting the grain determinations listed in the audit report or, in the event a depositer disagreed with the report, the depositor could file a separate "Interest Notice."

5. Mr. Pickett filed an Interest Notice [Dkt. No. 178], claiming that he is the owner of 70,055 bushels of milo.

6. Texas Bank filed an Interest Notice [Dkt. No. 177] claiming, among other things, that it is entitled to recover the milo deposited by Mr. Pickett based on a security interest granted by Mr. Pickett to Texas Bank, that Texas Bank is the holder of certain warehouse receipts, and that Texas Bank is entitled to all the milo located in the debtor's Greenville warehouse facility.

7. DeBruce filed an Interest Notice claiming an interest in the milo located in the debtor's Greenville warehouse facility. DeBruce's claim is identical to the amount allocated to it in TDA's audit report.

8. Texas Bank filed an objection to the Interest Notice of DeBruce [Dkt. No. 219] asserting, among other things, that the claim of Texas Bank is superior to that of DeBruce and all other claimants to the milo located in the debtor's Greenville warehouse facility.

9. TDA filed an objection to the Interest Notices of Mr. Pickett and Texas Bank.

10. At the hearing on April 19, 2011, Mr. Pickett and Texas Bank alleged that a genuine issue of material fact existed as to whether Mr. Pickett's milo was segregated. Mr. Pickett and Texas Bank presented receipts showing that all of Mr. Pickett's milo was deposited in the Greenville facility. No summary judgment evidence was presented showing that Mr. Pickett's milo was segregated. In fact, the undisputed summary judgment evidence was that Mr. Pickett's milo was comingled with other deposits at the Greenville facility.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that DeBruce's motion for summary judgment [Dkt. No. 323] and TDA's motions for summary judgment [Dkt. Nos. 313 and 314] are **GRANTED** and the objection of Texas Bank to DeBruce's Interest Notice [Dkt. No. 219] is **OVERRULED;**

**IT IS FURTHER ORDERED** that Mr. Pickett's Interest Notice is limited to the pro rata amount set out in TDA's audit report;

**IT IS FURTHER ORDERED** that Texas Bank's security interest is limited to the pro rata amount of grain proceeds which Mr. Pickett would be entitled to recover; and

**IT IS FURTHER ORDERED** that the security interest of Texas Bank does not attach to any other grain proceeds.

Signed on 6/17/2011

_Brenda T. Rhoades_   SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

4